IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
(Jacksonville Division)

Case No.:

NEXT INSURANCE US COMPANY,

    Plaintiff,

v.

APOGEE INTEGRATIONS, LLC,
NICOLAS GORDON, JOHN
GARRISON, and DARIUSH ASHRAFI,
AS PERSONAL REPRESENTATIVE
OF THE ESTATE OF DEBRA ASHRAFI,

    Defendants.
_____/

# COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Next Insurance US Company ("Next Insurance"), by and through its undersigned counsel, pursuant to Rule 57 of the Federal Rules of Civil Procedure, 28 U.S.C. § 2201, et seq., and 28 U.S.C. 1332(a)(1), and for its Complaint for Declaratory Judgment, states as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this Complaint for Declaratory Judgment seeking a determination of rights and obligations of the parties under a commercial general liability insurance policy issued by Plaintiff to Defendants, Apogee Integrations,

LLC and Nicolas Gordon with respect to a claim for wrongful death as described more fully herein.

## JURISDICTION

2. Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. 1332(a)(1) in that Plaintiff is a citizen of Delaware and no Defendant is a citizen of Delaware such that complete diversity exists, and the wrongful death matter in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

## PARTIES AND VENUE

3. At all relevant times, Plaintiff has been a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business located at 251 Little Falls, Drive, Wilmington, Delaware 19808.

4. At all relevant times Plaintiff was also registered with the Florida Office of Insurance regulation and authorized to do business in the State of Florida as an insurance company.

5. At all relevant times, Defendant, Apogee Integrations, LLC, has been duly organized as a Limited Liability Company under the laws of the State of Florida, having its principal place of business located at 150 Coco Plum Drive Unit 1B, Marathon, Florida 33050, and doing business as Apogee Integrations, LLC.

6. At all relevant times, Defendant Nicolas Gordon has been a citizen of Colorado and member of Apogee Integrations, LLC.

7. At all relevant times, Defendant John Garrison has been a citizen of the State of Florida.

8. At all relevant times, Defendant Dariush Ashrafi has been a citizen of the State of Florida.

9. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b)(2) since a substantial part of the events giving rise to this litigation occurred in Flagler County, Florida, within the geographical limitations of the Middle District of Florida, Jacksonville.

## **FACTUAL ALLEGATIONS**

10. Next Insurance issued a Commercial General Liability insurance policy, Policy No. NXTHQ4YWLK-00-GL (the "Policy"), to Nicolas Gordon, Apogee Integrations, LLC, for the policy period of February 15, 2022, to February 15, 2023. A true and accurate copy of the Policy is attached hereto as Exhibit A.

11. On August 11, 2022, Dariush Ashrafi, as Personal Representative of the Estate of Debra Ashrafi brought suit against Apogee Integrations LLC and John Garrison in the Circuit Court of the 7th Judicial Circuit in and for Flagler County Florida, Case No.: 2022 CA 000532 (the "Underlying Action").

12. A copy of the Complaint in the Underlying Action is filed hereto as Exhibit B.

13. The Complaint in the Underlying Action includes the following allegations:

   a) At the time of the subject accident, Defendant, JOHN GARRISON, was operating the subject motor vehicle (his 2008 Dodge Avenger), traveling down to South Florida to his employer's business location.

   b) On or about April 24, 2022, Defendant, JOHN GARRISON, was operating the subject 2008 Dodge Avenger in the eastbound direction of State Road 11 when suddenly and without warning he collided with another motor vehicle operated by Shana Sciortino which was traveling westbound on State Road 11.

   c) Defendant, JOHN GARRISON, crossed the center line of State Road 11 into the oncoming westbound travel lane causing the subject collision with the other motor vehicle.

   d) Defendant, JOHN GARRISON, violated the right-of way of the other motor vehicle in crossing over the center line into oncoming traffic.

   e) DEBRA ASHRAFI was traveling as a passenger in the vehicle operated by her daughter, Shana Sciortino.

    f) JOHN GARRISON so negligently operated and maintained the subject motor vehicle so as to cause it to collide with the other oncoming motor vehicle resulting in the untimely death of DEBRA ASHRAFI.

    g) As a direct and proximate result of the subject collision, DEBRA ASHRAFI sustained severe and debilitating injuries which resulted in her untimely death.

    h) At the time of the subject collision, Defendant, JOHN GARRISON, was acting within the course and scope of his employment, agency and/or apparent agency with Defendant, APOGEE INTEGRATIONS.

    i) At the time of the subject collision, JOHN GARRISON was acting at least in part to serve his employer and/or agent, APOGEE INTEGRATIONS.

    j) At all times material hereto, Defendant, APOGEE INTEGRATIONS, is vicariously liable for the negligence of their employee and/or agent, JOHN GARRISON.

14. Apogee Integrations, LLC reported the claim to Next Insurance Company.

15. Next Insurance is providing a defense to Apogee Integrations, LLC in the Underlying Action under a reservation of rights.

16. A true and accurate copy of the ROR letter is attached hereto as Exhibit C.

17. If Apogee Integrations, LLC is found liable, Next Insurance may be called upon to indemnify one or more of the Defendants for any judgment entered against Apogee Integrations, LLC in the Underlying Action.

## INSURANCE POLICY PROVISIONS

18. The Commercial General Liability policy issued by Next Insurance US Company to Nicolas Gordon, Apogee Integrations, LLC generally provides coverage to an insured for "bodily injury" caused by an "occurrence".

19. The following policy provisions are of relevance to this case:

> **COMMERCIAL GENERAL LIABILITY COVERAGE FORM**
> \*\*\*
> **SECTION I – COVERAGES**
>
> **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
> \*\*\*
> **2. Exclusions**
> This insurance does not apply to:
> \*\*\*
> **g. Aircraft, Auto or Watercraft**
>
> "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".
>
> This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.

**SECTION II – WHO IS AN INSURED**

**1.** If you are designated in the Declarations as:

\*\*\*

**c.** A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

\*\*\*

**2**. Each of the following is also an insured:

**a.** Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.

\*\*\*

**SECTION V – DEFINITIONS**

\*\*\*

**5**. "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

\*\*\*

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**EXCLUSION – NON-COMPENSATORY DAMAGES**

This endorsement modifies insurance provided under the following:
**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

**SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions and COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY, 2. Exclusions are amended and the following added:**

**PUNITIVE DAMAGES**

> This insurance does not apply to any claim for or awards of non-compensatory damages, including, but not limited to:
>
> 1. Punitive, exemplary or multiple damages;
>
> 2. Equitable or non-pecuniary relief; or
>
> 3. Fines, penalties, court imposed sanctions, return or restitution of legal fees, costs or other expenses associated with such awards. All other terms and conditions of the policy remain unchanged.

\*\*\*

20. Next Insurance re-alleges the averments contained in paragraphs 1 through 19 of this Complaint as if each were fully set forth herein.

21. John Garrison was an independent contractor, as he signed a Contractor Agreement with Apogee Integrations, LLC.

22. A true and accurate copy of the Contractor Agreement is attached hereto as Exhibit D.

23. John Garrison was an independent contractor of Apogee Integrations, LLC, was not acting within the scope of any employment with Apogee Integrations, LLC, and was not acting as an agent of Apogee Integrations, LLC when the subject accident occurred.

24. In the alternative, if John Garrison was acting within the course and scope of employment with Apogee Integrations, LLC or was acting at least in part to serve Apogee Integrations LLC as his employer as alleged in the Complaint filed

in the Underlying Action, then the Next Insurance policy would afford no coverage for any of the claims in the Underlying Action.

25. As a result of the foregoing, an actual controversy exists between Next Insurance and Apogee Integrations, LLC, Nicolas Gordon, John Garrison and, Dariush Ashrafi concerning the rights, duties, and other legal relations arising under the Policy, and this controversy is properly resolved by this Court.

**WHEREFORE**, Plaintiff, Next Insurance US Company, prays for Declaratory Judgment Against Defendants, Apogee Integrations, LLC, Nicolas Gordon, John Garrison, and Dariush Ashrafi, as Personal Representative of the Estate of Debra Ashrafi, as follows:

1. That the rights of all parties hereto under the Next Insurance US Company policy be determined by the court;

2. For a declaration that the Next Insurance US Company does not provide coverage for some or all of the claims asserted in the Underlying Action; and

3. For all other relief to which Next Insurance may be entitled.

Date: January 17, 2024                Respectfully submitted,

By:   */s/ Brian P. Henry*
Brian P. Henry, Esq. (Fla. Bar No. 0089069)
Wesley C. Page, Esq. (Fla. Bar No. 0085183)
ROLFES HENRY CO., LPA
3165 McCrory Place, Suite 174
Orlando, Florida 32803
Telephone:  (407) 284-4990

                                                              bhenry@rolfeshenry.com
                                                           kmcclintock@rolfeshenry.com
                                                                wpage@rolfeshenry.com
                                                             rkitchens@rolfeshenry.com

                                                         *Attorneys for Plaintiff*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and accurate copy of the foregoing has been served via e-mail on counsel for all parties at the email addresses below or has been served by automatic service by the Court's e-filing system, on this January day of 17 2024:

Nicholas D. Harken, Esq.
McCoy Leavitt Laskey, LLC
N19 W24200 Riverwood Drive, Suite 125
Waukesha, WI 53188
Emails:     nharken@mlllaw.com
                    atrollenger@mlllaw.com

*Attorney for Defendant*

                                                     */s/ Wesley C. Page*
                                                     Wesley C. Page, Esq. (Fla. Bar No. 0085183)