UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NEXT INSURANCE US COMPANY,

    Plaintiff,

v.                                                               CASE NO. 3:24-cv-66-WWB-SJH

APOGEE INTEGRATIONS, LLC, et al.

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Renewed Motion for Default ("Motion"). Doc. 32. In the Motion, Plaintiff requests entry of a clerk's default against Defendants Apogee Integrations, LLC ("Apogee"), Nicolas Gordon ("Gordon"), and John Garrison ("Garrison") (collectively "Subject Defendants") pursuant to Fed. R. Civ. P. 55(a). The Motion is due to be **granted in part** and **denied without prejudice in part**.

Federal Rule of Civil Procedure 55(a) requires the clerk to enter a default where "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise…." However, the plaintiff must have properly served the summons and complaint on the defendant. *See Fireman's Fund Ins. Co. v. Landstar Ranger, Inc.*, No. 3:11-cv-1241-J-37MCR, 2012 WL 12905839, at *1 (M.D. Fla. Aug. 24, 2012).

Plaintiff certified that it served each of the Subject Defendants with the Motion on August 1, 2024, via US Mail. Doc. 32 at 5. Pursuant to Local Rule 3.01(c), the Defendants' responses were therefore due on or before August 15, 2024. None of the Subject Defendants have filed a response to the Motion or otherwise sought an extension of time to respond to the Motion.

Gordon was served with process on March 27, 2024, Doc. 16-1 at 1, and Garrison was served with process on April 12, 2024, Doc. 17-1 at 1. To date, neither Gordon nor Garrison have appeared or otherwise responded to the allegations against them. Therefore, entry of default against each is appropriate. *See* Fed. R. Civ. P. 55(a).

The Summons Returned Executed of Apogee Integrations, LLC, Doc. 15, however, is insufficient to prove service on Apogee. In the Motion, Plaintiff states that service against Apogee was properly made when a copy of the summons and complaint were delivered to Nicholas Gordon, an officer of Apogee. Doc. 32 at 4. The exhibit which Plaintiff cites as proof of such service, however, states that "[t]his summons for … Nicolas Gordon was received by me on … 3/13/2024." Doc. 15-1 at 1. The process server then certifies that he "personally served the summons on the individual[.]" *Id.* This certification appears to establish service of an individual summons on Nicholas Gordon as an individual rather than service of a company

2

summons on him as an officer of Apogee.[1] Plaintiff has therefore failed to show that Defendant Apogee has been properly served.

Accordingly, it is **ORDERED**:

1. The Motion (Doc. 32) is **granted in part** and **denied without prejudice in part**.

2. The Clerk of Court is directed to enter a default against Defendants Nicholas Gordon and John Garrison.

**DONE AND ORDERED** in Jacksonville, Florida, on October 17, 2024.

                          Samuel J. Horovitz
                          United States Magistrate Judge

Copies to:

Counsel of Record

---

[1] It is possible that the proof of service is imprecise, as Doc. 15-1 does contain what appears to be a company summons, but with no attestation it is the document that was served.